IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Victor O. Jones, Jr., | Civil Action No.: 6:17-2486-BHH |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Wells Fargo Bank, N.A.; Government National Mortgage Association, as Trustee For Ginnie Mae Remic Trust 2006-026; and John Does, 1-100, | |
| Defendants. | |

Plaintiff Victor O. Jones, Jr., ("Plaintiff"), proceeding *pro se*, brought this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Government National Mortgage Association, as Trustee for Ginnie Mae Remic Trust 2006-026 ("Ginnie Mae"), and John Does 1-100 ("the John Doe Defendants"), seeking monetary damages and declaratory relief following a state foreclosure action that involved his mortgaged property. (*See* ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation ("Report). Magistrate Judge McDonald recommends that Wells Fargo's motion to dismiss (ECF No. 16) be granted, that Ginnie Mae's unopposed motion to dismiss (ECF No. 27) be granted, and that the action be dismissed against the John Doe Defendants for failure to timely serve. (*See* ECF No. 33.) The Report sets forth in detail the relevant background and standards of review and the Court incorporates them without recitation.[1]

## BACKGROUND

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

On April 10, 2018, the Magistrate Judge issued the Report recommending that both pending motions to dismiss be granted and this action be dismissed in its entirety. (ECF No. 33 at 10.) On April 24, 2018, Plaintiff filed objections. (ECF No. 37.) Wells Fargo filed a reply (ECF No. 38), and Plaintiff filed a sur-reply (ECF No. 40). The matter is ripe for adjudication and the Court now makes the following ruling.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

This case represents Plaintiff's attempt, in federal court, to collaterally attack foreclosure proceedings already resolved in favor of Wells Fargo in state court. (*See* ECF Nos. 1 (instant complaint, alleging: (1) lack of standing/wrongful foreclosure, (2)

2

fraud in the concealment, (3) fraud in the inducement, (4) unconscionable contract, (5) breach of fiduciary duty, (6) quiet title, (7) slander of title, (8) violation of the National Homeowners Bill of Rights, (9) violation of the Consumer Credit Protection Act, (10) violation of Regulation X, 12 C.F.R. § 1024.4, (11) violation of the Fair Debt Collection Practices Act, and (12) "declaratory relief"); 16-2 (judgment of foreclosure and sale in *Wells Fargo Bank, N.A. v. Victor O'Neil Jones, Jr., et al.*, 2014-CP-23-1278); 16-1 (order denying Plaintiff's motion for temporary restraining order and granting Wells Fargo's motion to dismiss Plaintiff's collateral "wrongful foreclosure" suit in *Victor O. Jones, Jr. v. Wells Fargo Bank, N.A., et al.*, 2015-CP-23-5735).) Even a cursory review of the pleadings reveals that Plaintiff is attempting to re-litigate matters already adjudicated in state court, and raise new theories with the hope of undercutting the results reached by the Court of Common Pleas, Thirteenth Judicial Circuit, County of Greenville, South Carolina.

In his thorough and detailed Report, the Magistrate Judge concluded that, to the extent Plaintiff is attempting to appeal or set aside the state court's judgment of foreclosure and sale in 2014-CP-23-1278, and its order of dismissal in 2015-CP-23-5735, this Court does not have subject matter jurisdiction over the action. (ECF No. 33 at 7.) This conclusion is correct pursuant to the *Rooker-Feldman* doctrine. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (explaining that the *Rooker-Feldman* doctrine prevents a plaintiff "from seeking what in substance would be appellate review of [a] state judgment in a United States District Court, based on the losing party's claim that the state judgment itself

violates the loser's federal rights" (quotation marks and citation omitted)). The Magistrate Judge further concluded that Plaintiff's instant claims are identical in substance to the claims, defenses, and counterclaims he raised, or could have raised, in the state court cases, and as such are barred by the doctrine of *res judicata*. (ECF No. 33 at 7.) Moreover, the Magistrate Judge reasoned that, to the extent, if any, Plaintiff's instant claims are independent from and not inextricably intertwined with the state court's judgment and order of dismissal in the foreclosure proceedings, Wells Fargo is entitled to judgment as a matter of law. (*See* ECF No. 33 at 7-9.) Finally, the Magistrate Judge concluded that this action should be dismissed against the John Doe Defendants because of Plaintiff's failure to timely serve said Defendants. (ECF No. 33 at 9.)

Plaintiff filed extensive objections to the Report. (*See* ECF Nos. 37 & 40.) However, after careful review of those objections, the Court finds that Plaintiff has failed to point to any specific error in the Magistrate Judge's reasoning or conclusions. Though Plaintiff claims that he is not seeking to appeal or set aside the state court rulings at issue (*see* ECF No. 37 at 3), that is, in fact, precisely what he is trying to do. Indeed, Plaintiff repeatedly states that the state court rulings are "void," because of alleged "fraud upon the court." (*See* ECF Nos. 37 & 40.) This Court lacks subject matter jurisdiction over Plaintiff's attempted collateral attack on state court proceedings. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 531-32 (2011) (restating the *Rooker-Feldman* rule, that federal courts lack subject matter jurisdiction over cases where "[t]he losing party filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and

rejection of that judgment"). It is abundantly clear *both* that Plaintiff's instant claims are "inextricably intertwined" with the state court foreclosure matters, *and* that the vast majority of specific issues he raises have already been "actually decided" in the state court cases. *See Brown & Root. Inc.*, 211 F.3d at 198 (stating that either prong is sufficient to preclude subject matter jurisdiction in federal court).

In an abundance of caution, the Court has conducted a *de novo* review of the Report, the record, and the applicable law. The Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and there is no basis upon which to deviate from the sound reasoning and analysis contained in the Report. Accordingly, there is no reason for the Court to discuss the same issues for a second time here.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, and adopts and incorporates the Magistrate Judge's Report. Therefore, Wells Fargo's motion to dismiss (ECF No. 16) is hereby GRANTED, Ginnie Mae's unopposed motion to dismiss (ECF No. 27) is GRANTED, and this action is dismissed against John Does 1-100 pursuant to Federal Rule of Civil Procedure 4(m) for failure to effectuate timely service. The dismissal is *with prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 4, 2018
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.